## WISNER and others *v.* DODDS.[*]

*(Circuit Court, S. D. Ohio, W. D. January 3, 1883.)*

PATENTS—PRACTICE ON REFERENCE—PRODUCTION OF BOOKS ON CROSS-EXAMINATION.

Upon a reference of a patent cause to a master to take an account of damages, etc., one of the complainants testified as to the cost of manufacturing and selling the patented article in controversy, the number manufactured and sold by his firm, etc. *Held,* that defendant, upon cross-examination, is entitled to the production of the books of witness' firm, but complainants may, if they so elect, withdraw the witness and his testimony as far as given.

In Equity.

*Stem & Peck,* for complainants.

*Parkinson & Parkinson,* for defendants.

BAXTER, C. J. In this case—which was a suit in equity to enjoin an infringement of the patent therein mentioned, and for an account of damages, etc., for alleged part infringement thereof—a decree was rendered in complainants' favor, and a master ordered to take and state the account. John W. Stoddard, one of the complainants, appeared before the master and was examined in his own behalf. After stating that he had been engaged for a long time in manufacturing hay-rakes in accordance with the patent alleged to have been infringed, etc., he proceeded to state what it costs to manufacture and put them on the market, the number manufactured and sold by his firm during and after defendants' infringement, and the prices obtained for them. This evidence, it is said, tends to show the extent of defendants' gains and profits, and furnish a basis for esti-

*Reported by J. C. Harper, Esq. of the Cincinnati bar.

mating the amount of damages, etc., sustained by the complainants. The defendants then, by way of cross-examination, asked the witness if the firm kept books during the period mentioned, and, if so, if they would sustain his testimony in relation to the cost and quantity of material entering into each rake, the price paid therefor, the cost of making and selling the same, the quantity so made and sold, and the profits realized therefrom, and, if they would, defendant demanded their production before the master. Complainants, through their counsel, objected to the production of said books; and thereupon all further action was adjourned until the question raised could be certified to and instructions received from the court in relation thereto.

We need not now decide how far the witness' testimony in chief is material to the issues to be decided. But it is manifest that complainants regard it as important and valuable. If it is, then defendant is entitled to test its accuracy. He is not *concluded* by what the witness has said. If the witness says that the books kept by his firm, recording their daily business transactions, are correct, the defendant, it seems to me, is entitled to their production to verify the truth of the witness' evidence, if he tells the truth, or to contradict him, if he testifies falsely. Complainants may, if they shall elect to do so, withdraw the witness and the testimony thus far given by him. But if they insist on retaining his testimony, and defendant insists on a production of complainant's books, the same will have to be exhibited. This, however, may be as conveniently done in complainant's business office as elsewhere. If complainants will make the exhibit required in their office, they will not be required to produce them at any other place, unless some exigency shall hereafter arise requiring their production at some other and different place.

See *Wisner* v. *Dodd*, 2 FED. REP. 781, for opinion of Justice SWAYNE sustaining the patent.—[REP.